**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAZARO RODRIGUEZ RAMOS,

　　　　　Petitioner

v.

TODD BLANCHE, et al.,

　　　　　Respondents

Case No.: 2:26-cv-01409-APG-NJK

**Order (1) Granting in Part Amended Petition for Writ of Habeas Corpus, (2) Granting Motion to Seal, (4) Ordering Cross Briefs about Regulations, and (5) Ordering Supplemental Brief about Irreparable Harm**

[ECF Nos. 7, 9]

Lazaro Rodriguez Ramos is a citizen of Cuba currently detained by U.S. Immigration and Customs Enforcement (ICE). ECF No. 8-6 at 2.  He was paroled into the United States in 1995 and received a final order of removal to Cuba in 2009. *Id.* at 3; ECF No. 8-2 at 2.  He was then detained for about 60 days and released on an order of supervision. ECF No. 8-6 at 3-4.  In the last 10 years, Rodriguez Ramos has been convicted of battery with a deadly weapon, two counts of larceny, and three counts of drug possession. *Id.* at 4.  On March 23, 2026, he pleaded guilty to conspiracy to commit a crime. *Id.* at 4.  Rodriguez Ramos states that he was "inexplicably re-detained" on April 30, 2026. ECF No. 7 at 2, 14.  However, he provides the notice ICE gave him on that date explaining that it was revoking his release because of his recent guilty plea. ECF No. 8-8 at 2.  When ICE re-detained him, it also issued a notice of intent to deport him to Mexico, though it did not provide the statutory basis for deporting him to that country. ECF No. 8-7 at 2.

Rodriguez Ramos filed an amended petition for a writ of habeas corpus, seeking release from custody on due process and statutory grounds under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not reasonably foreseeable.  He also asserts that ICE's policy of removing noncitizens to a third country without notice and an opportunity to seek fear-based

protections violates the Fifth Amendment's due process clause and is arbitrary and capricious under the Administrative Procedure Act (APA). Finally, he asserts that his detention to effectuate a third country removal without adequate notice and opportunity to be heard violates his due process rights. Rodriguez Ramos also moves to seal his medical records and moves for a temporary restraining order to release him.

The government responds that it revoked his supervised release because he violated a term of that supervision by committing a crime. It also argues that his removal is reasonably foreseeable because it is processing his removal to Mexico.

I grant Rodriguez Ramos' petition in part. I order the parties to file cross briefs about the regulations that apply, and I order the government to provide evidence that it is working towards removing Rodriguez Ramos. I also order the government to provide evidence that Rodriguez Ramos is not suffering irreparable harm while in detention. I also order the government to comply with due process before attempting to effectuate a third country removal. Finally, I grant Rodriguez Ramos' motion to seal.

## I.      PETITION FOR A WRIT OF HABEAS CORPUS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that

its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas*, 533 U.S. at 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

### A. I order the parties to file cross briefs about the applicability of regulations.

Individuals with final removal orders are subject to mandatory detention for 90 days to effectuate their removal. *See* 8 U.S.C. §§ 1231(a)(1), (2). As relevant here, the 90-day removal period begins on the date the order of removal becomes administratively final. *Id.* at § 1231(a)(1)(B)(i). An Immigration Judge ordered Rodriguez Ramos removed on July 22, 2009, and there is no evidence that Rodriguez Ramos appealed that order. Therefore, the mandatory detention period has ended.

The Attorney General has discretion to detain noncitizens beyond this 90-day period under § 1231(a)(6). However, to avoid doubt about the statute's constitutionality, the Supreme Court in *Zadvydas* read into the statute an "implicit limitation" on that discretion because a statute that permitted indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment's due process clause. 533 U.S. at 682, 689-90. The Supreme Court adopted a six-month period as a presumptively reasonable period of detention to effectuate removal. *Id.* at 701. After that six-month period, if a detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Two sets of regulations apply to a noncitizen who is being detained after a final order of removal: 8 C.F.R. §§ 241.4 and 241.13. Section 241.4 generally applies when a noncitizen is being detained after a final order of removal. Section 241.13 applies when "the [noncitizen] submits, or the record contains, information providing a substantial reason to believe that the removal of a detained [noncitizen] is not significantly likely in the reasonably foreseeable future." 8 C.F.R. § 241.4(i)(7).[1] It appears that § 214.13 applies here because the parties agree that removal to Cuba is not reasonably foreseeable, and because the government provides no evidence beyond attorney statements that it will succeed in removing Rodriguez Ramos to Mexico, or any other country, in the reasonably foreseeable future. However, the parties have not briefed the issue of what regulation governs in this case, so I order them to file cross briefs about whether § 241.13 applies.

Whether § 241.13 governs is important in this case because under § 241.13(i)(1), a noncitizen who violates a condition of release may be returned to custody and "may be continued in detention for an additional six months in order to effect [their] removal, if possible."[2] ICE revoked Rodriguez Ramos' release because he violated the conditions of that release by pleading guilty to a crime.[3] Rodriguez Ramos has been in detention for two and a half months, and the government asserts that it is still attempting to process his removal to Mexico. The government does not provide evidence of its efforts, so I cannot determine if continued detention is justified to effect removal. I therefore also order the government to provide evidence showing what steps,

---

[1] Section 241.13 also applies where the government "makes a determination . . . that there is no significant likelihood of removal in the reasonably foreseeable future." 8 C.F.R. § 241.13(b)(1). The government has not made that determination in this case.

[2] 8 C.F.R. § 241.4(l) sets out different procedures for revocation of release.

[3] Conditions of release require that the noncitizen "obey all laws." 8 C.F.R. § 214.13(h).

4

if any, it has taken to process Rodriguez Ramos' removal, and whether it is likely that removal will occur within six months of his re-detention.

**B. Rodriguez Ramos may not be deported to Mexico without notice and a meaningful opportunity to present a fear-based claim.**

Rodriguez Ramos is a citizen of Cuba, and the Immigration Judge ordered him removed to Cuba. ICE issued a notice of intent to deport him to Mexico but did not identify the statutory basis for removal to a third country under 8 U.S.C. § 1231(b)(2)(E). Rodriguez Ramos argues that ICE's policy to remove noncitizens to a third country without notice and an opportunity to present a fear-based claim violates due process and the APA.[4] The government responds that Rodriguez Ramos may legally be removed to a third country and that he did not present a fear-based claim in his petition or after it issued the notice of intent to remove him to Mexico.

If the government attempts to remove Rodriguez Ramos to a third country such as Mexico, it must comply with the due process requirements of notice and a reasonable opportunity to be heard before a third country removal can be effectuated. *Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763, at *4 (D. Nev. Apr. 22, 2026) (collecting cases). The government must provide "written notice of the country being designated" and "the statutory basis for the designation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019). Additionally, the government must ask Rodriguez Ramos whether he fears persecution or harm upon removal to the third country, and his response must be memorialized in a writing signed by Rodriguez Ramos. *Id.* "If the noncitizen expresses a fear of persecution or harm, DHS must inform the noncitizen that he or she may seek asylum,

---

[4] Because I agree with Rodriguez Ramos' due process argument, I do not address his argument under the APA.

withholding, and relief under the CAT by filing a motion to reopen with the immigration courts." *Id.* Finally, the government must give Rodriguez Ramos "adequate time to prepare and file a motion to reopen in order to challenge DHS's country designation and/or apply for asylum, withholding, and relief under the CAT." *Id.* at 1020; *see also A.A.M. v. Andrews*, 815 F. Supp. 3d. 1124, 1138 (E.D. Cal. Dec. 4, 2025) (concluding the petitioner was likely to succeed on the merits because "due process requires Petitioner be provided an opportunity to have his fear-based claims for removal to [a third country] considered by an immigration judge"). The government did not observe these requirements in its purported attempts to remove Rodriguez Ramos to Mexico, so I grant this portion of Rodriguez Ramos' petition and order it to do so now.

## II.      TEMPORARY RESTRAINING ORDER

Rodriguez Ramos moved for a temporary restraining order and argued under the *Winter*[5] factors that he should be granted immediate release. The government's response is lacking in several respects. First, the government contends that Rodriguez Ramos is being "mandatorily detained under 8 U.S.C. § 1225(b)(2)." ECF No. 13 at 3, 5. However, as explained above, § 1231(a)(6) authorizes detention for a noncitizen with a final order of removal who is past the 90-day removal period. Rodriguez Ramos has a final order of removal, and his removal period has passed, so he is detained under § 1231, not § 1225.

Second, Rodriguez Ramos alleges that he is suffering irreparable harm because he has had "abdominal pain and vomiting," along with "hypertension, MI, and GERD" sufficiently severe that he was taken to the emergency room. ECF Nos. 11 at 4; 10-1 at 21. The emergency room doctors who attended to him noted "there is a high risk of morbidity without appropriate diagnosis and treatment." ECF No. 10-1 at 20. He argues that his detention is resulting in him

---

[5] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

not being able to "receive treatment for his medical conditions with his physician." ECF No. 11 at 4. In response, the government states that abdominal pain and vomiting are "common consequences of detainment." ECF No. 13 at 4. This disturbing statement stands in stark contrast to Rodriguez Ramos' physician's opinion about the potential life-threatening nature of Rodriguez Ramos' condition if not properly treated and gives little comfort that his health is being taken seriously. Therefore, I order the government to file a supplemental brief to prove (by providing evidence) that Rodriguez Ramos is getting adequate medical care while in detention and that his detention is not causing irreparable harm.

**III.   CONCLUSION**

I THEREFORE ORDER that Lazaro Rodriguez Ramos' amended petition for a writ of habeas corpus **(ECF No. 7) is GRANTED** in part.

I FURTHER ORDER the respondents to submit a supplemental brief providing evidence of adequate medical care to Rodriguez Ramos and that he is not suffering irreparable harm during his detention by **July 23, 2026**. Rodriguez Ramos may file a reply brief by **July 28, 2026**.

I FURTHER ORDER the parties to submit cross briefs limited to five pages about which regulations apply and how they govern Rodriguez Ramos' circumstances by **August 4, 2026**. The respondents must also explain in their brief what steps, if any, they are taking to effect Rodriguez Ramos' removal and if those steps will likely result in Rodriguez Ramos' removal within six months of his re-detention. The respondents must present evidence to support their assertions about what steps they are taking. Attorney arguments or representations are insufficient.

I FURTHER ORDER that the respondents are prohibited from removing Lazaro Rodriguez Ramos to Mexico or any other third country without providing him and his counsel with adequate notice of intent to seek removal to a third country and due process in the form of providing him a reasonable opportunity to reopen immigration court proceedings to seek fear-based relief from removal, with a hearing before an immigration judge.

I FURTHER ORDER that Lazaro Rodriguez Ramos' motion to seal his medical records **(ECF No. 9) is GRANTED**.

DATED this 17th day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE