**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAZARO RODRIGUEZ RAMOS,

    Petitioner

v.

TODD BLANCHE, et al.,

    Respondents

Case No.: 2:26-cv-01409-APG-NJK

**Order (1) Granting Amended Petition for Writ of Habeas Corpus, and (2) Denying Petitioner's Motion for a Temporary Restraining Order as Moot.**

[ECF Nos. 7, 11]

Lazaro Rodriguez Ramos is a citizen of Cuba currently detained by U.S. Immigration and Customs Enforcement (ICE). ECF No. 8-6 at 2.  He was paroled into the United States in 1995 and received a final order of removal to Cuba in 2009. *Id.* at 3; ECF No. 8-2 at 2.  He was then detained for about 60 days and released on an order of supervision. ECF No. 8-6 at 3-4.  In the past 10 years, Rodriguez Ramos has been convicted of battery with a deadly weapon, two counts of larceny, and three counts of drug possession. *Id.* at 4.  On March 23, 2026, he pleaded guilty to conspiracy to commit a crime. *Id.*  Rodriguez Ramos states that he was "inexplicably re-detained" on April 30, 2026. ECF No. 7 at 2, 14.  However, he provides the notice ICE gave him on that date explaining that it was revoking his release because of his recent guilty plea. ECF No. 8-8 at 2.  When ICE re-detained him, it also issued a notice of intent to deport him to Mexico, though it did not provide the statutory basis for deporting him to that country. ECF No. 8-7 at 2.

I ordered the parties to file supplemental briefing on whether 8 C.F.R. § 241.4 or § 241.13 applies, and I ordered the government to provide evidence of its efforts to remove Rodriguez Ramos to Mexico or any other third country in the reasonably foreseeable future. ECF No. 17.  Rodriguez Ramos filed his supplemental brief, but the government did not.  The government has not shown that continued detention is necessary to effect Rodriguez Ramos'

removal, so I order Rodriguez Ramos released and deny his motion for a temporary restraining order as moot.

### A. 8 C.F.R. § 241.13 applies, and the government has not shown that continued detention is necessary to effect Rodriguez Ramos' removal.

Individuals with final removal orders are subject to mandatory detention for 90 days to effectuate their removal. *See* 8 U.S.C. §§ 1231(a)(1), (2). As relevant here, the 90-day removal period begins on the date the order of removal becomes administratively final. *Id.* at § 1231(a)(1)(B)(i). An Immigration Judge ordered Rodriguez Ramos removed on July 22, 2009, and there is no evidence that Rodriguez Ramos appealed that order. Therefore, the mandatory detention period has ended.

The Attorney General has discretion to detain noncitizens beyond this 90-day period under § 1231(a)(6). However, to avoid doubt about the statute's constitutionality, the Supreme Court in *Zadvydas v. Davis* read into the statute an "implicit limitation" on that discretion because a statute that permitted indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause. 533 U.S. 678, 682, 689-90 (2001). The Supreme Court adopted a six-month period as a presumptively reasonable period of detention to effectuate removal. *Id.* at 701. After that six-month period, if a detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Two sets of regulations apply to a noncitizen who is being detained after a final order of removal: 8 C.F.R. §§ 241.4 and 241.13. Section 241.4 generally applies when a noncitizen is being detained after a final order of removal. Section 241.13 applies when "the [noncitizen]

submits, or the record contains, information providing a substantial reason to believe that the removal of a detained [noncitizen] is not significantly likely in the reasonably foreseeable future." 8 C.F.R. § 241.4(i)(7).[1]

Rodriguez Ramos argues that § 214.13 applies because the record shows there is no substantial reason to believe his removal is significantly likely in the reasonably foreseeable future. I agree. The parties agree that the government is unable to remove him to Cuba, and, attorney argument notwithstanding, there is no evidence that Mexico or any other third country has agreed to accept Rodriguez Ramos or that the government is working toward such an agreement. The government did not file a supplemental brief that challenges this position.

Under § 241.13(i)(1), a noncitizen who violates a condition of release may be returned to custody and "may be continued in detention for an additional six months in order to effect [their] removal, if possible." ICE revoked Rodriguez Ramos' release because he violated the conditions of that release by pleading guilty to a crime.[2] Rodriguez Ramos has been in detention for three months, and the government chose not to provide any evidence that it is attempting to effectuate his removal. Therefore, continued detention is unjustified because the government is not carrying out the purpose of the detention, *i.e.*, removal. I thus grant Rodriguez Ramos' petition and order him released. Accordingly, I deny his motion for a temporary restraining order as moot.

---

[1] Section 241.13 also applies where the government "makes a determination . . . that there is no significant likelihood of removal in the reasonably foreseeable future." 8 C.F.R. § 241.13(b)(1). The government has not made that determination in this case because it argued that it is still attempting to remove Rodriguez Ramos to Mexico. However, it has offered no proof of that despite my invitation to do so.

[2] Conditions of release require that the noncitizen "obey all laws." 8 C.F.R. § 214.13(h).

**B.  Conclusion**

I THEREFORE ORDER that Lazaro Rodriguez Ramos' amended petition for a writ of habeas corpus **(ECF No. 7) is GRANTED**.

I FURTHER ORDER that Rodriguez Ramos' motion for a temporary restraining order **(ECF No. 11) is DENIED as moot.**

I FURTHER ORDER the respondents to release Rodriguez Ramos from the custody of Nevada Southern Detention Center on August 7, 2026, and transport him to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day.  The respondents must advise Rodriguez Ramos' counsel of the estimated time of release for coordination purposes, at least one hour before that release time.

I FURTHER ORDER the clerk of court to close this case.

DATED this 6th day of August, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4